(No. 38827.—

JOHN LITTLE, Appellant, *vs.* CHICAGO HOIST & BODY Co., *et al.,* Appellees.

*Opinion filed January 21, 1965.*

GEORGE F. KRUSE and HAROLD S. IGLOW, of Chicago, for appellant.

BAKER, McKENZIE and HIGHTOWER, of Chicago, (MICHEL A. COCCIA, FRANCIS D. MORRISSEY, and PHILIP J. McGUIRE, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

John Little brought a suit for personal injuries arising out of an automobile collision occurring on June 27, 1955, in Riverdale, Illinois, at a bridge over the Little Calumet River near 130th Street. Three automobiles were involved. Carl Stasiof and John Little were passengers in one and Robert Sabatka and John Peila in another. The third vehicle was a truck driven by defendant, Domenick Palmieri, an employee of the owner of the truck, Chicago Hoist & Body Co. The truck and Sabatka's car collided. Sabatka's car veered from the north-bound lane into the south-bound lane and collided with the car in which Stasiof and Little were passengers. Little was taken to the hospital where he was examined by Dr. Eugene Dolehide.

At the trial, the doctor testified that Little suffered cuts across his forehead and down his cheek, that these cuts contained fragments of glass and splinters of hard, or bone-like tissue which he removed. He further testified that he made no record of removing bone chips and probably did not send such fragments to the hospital pathology laboratory as required by hospital regulations. Little consulted this doctor twelve times in 1955, the year of the accident, and twice each year thereafter. His complaints to the doctor were generally headaches, nervousness and anxiety. He worked full time for almost the entire five years since the accident.

On June 24, 1960, Little left home at about 2:00 o'clock P.M. He complained of a headache and that everything he did seemed wrong. He stopped at work only long enough to

pick up his paycheck and then began a visit to a number of taverns. About midnight, he had a cup of coffee and purchased a bottle of poisonous pills. He went again to a number of taverns, returned home about 5:00 o'clock A.M., swallowed a handful of pills, and awakened his wife with his screams. He was taken to a hospital, where he recovered.

The testimony of Little as to his suicide attempt was objected to due to the absence of a proper foundation connecting it to the accident. The testimony was admitted. The jury returned a verdict for Little of $35,000. His special damages were $2,000.

The Appellate Court reversed the judgment and remanded the cause with directions that a new trial be had as to damages, holding the testimony relating to the suicide attempt was inadmissible. Plaintiff has appealed from that part of the judgment ordering a trial as to damages only, contending that evidence of an act of attempted suicide is properly admissible where it is supported by competent medical evidence. Defendant contends such evidence is not admissible where there is no evidence that he was mentally ill to the extent that he was incapable of forming a rational intention to independently take his own life. Defendant further contends the Appellate Court should have set aside the judgment in its entirety, including the issue of liability, due to the asking of a question as to a prejudicial admission without proof such an admission was ever made.

There are no Illinois decisions passing upon a case where evidence of a suicide attempt by a person capable of deciding against the attempt was introduced in a negligence case. In 1882, the United States Supreme Court held there was no right of recovery in a wrongful death case against a railroad on behalf of a passenger injured in a wreck who became insane and killed himself. (*Scheffer* v. *Washington City, Virginia Midland and Great Southern Railroad Co.* 105 U.S. 249.) The universal rule followed by most jurisdictions is that the victim's act of suicide is a

new and independent agency breaking the chain of causation from the negligent act and is not reasonably foreseeable. These principles have been followed by *McMahon* v. *City of New York,* 141 N.Y.S.2d 190 and *Tate* v. *Canonica,* 180 Cal. App. 2d 898.

In Prosser, Law of Torts, 2d ed., pp. 273 and 274, this is summed up as follows: "* * * the better view [is] that when his insanity prevents him from realizing the nature of his act or controlling his conduct, his suicide is to be regarded either as a direct result and no intervening force at all, or as a normal incident of the risk, for which the defendant will be liable. * * * But if the suicide is during a lucid interval when he is in full command of his faculties but his life has become unendurable to him, it is agreed that his voluntary choice is an abnormal thing, which supersedes the defendant's liability."

In the instant case there was a great lapse of time between the accident and the attempt of Little to take his life. While the attending doctor gave an opinion of a causal connection between the accident and the attempted suicide, no evidence was given that the mental condition of Little was such that the attempt was other than of his own deliberate choice. Under these circumstances, justice would not be served by permitting the introduction of such highly prejudicial testimony. We do not feel that *Harper* v. *Industrial Com.* 24 Ill.2d 103, requires a different result since, in that case, there was proof of a "definite psychiatric illness" resulting from the accident as well as a completely different factual background.

Under Supreme Court Rule 32(4), any relief warranted by the record on appeal may be granted although a cross appeal, separate appeal or separate petition for leave to appeal was not taken by appellee. It is pursuant to this rule that defendant asks that the judgment also be set aside as to liability, contending the question asked on cross-examination of the truck driver as to whether he had made any statement

to anyone that he tried to deviate the direction of his truck to avoid a bump and that the accident occurred because of this, was reversibly prejudicial. No time, place or person present was identified in the question, and no subsequent attempt was made to prove the making of such statement. The driver did not answer this question, since objection was made thereto. Following a lengthy colloquy between the court and counsel, from which the Appellate Court found plaintiff's counsel admitted he had no proof such a statement was ever made, the question was permitted to be withdrawn, and the jury was instructed to disregard the question and any inferences therefrom. The Appellate Court held failure to declare a mistrial not to be reversible error since a somewhat similar question had been asked of and answered by the same witness without objection in prior examination by a joint defendant. Questioning of this type by counsel, in the absence of reasonable grounds for believing such a statement to have been made, is grossly improper and could well result in reversal of a judgment in a proper case. However, we are inclined to agree with the Appellate Court that under the circumstances here existing, the judgment of liability need not be disturbed.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*