JENNIFER MOSS, by her Father and Next Friend, Donald Moss, *et al.*, Petitioners-Appellants, *v.* EARL S. MEYER, d/b/a Shrout Pharmacy, Defendants-Appellee.

First District (1st Division)   No. 82—2383

Opinion filed September 6, 1983.

Alan G. Langowski, of Chicago, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Carlton D. Fisher, and John R. Williamson, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs, Jennifer Moss and her parents Donald and Margaret Moss, appeal from a summary judgment entered against them in favor of defendant, Earl S. Meyer d/b/a Shrout Pharmacy, finding that the actions of Jennifer Moss constituted an intervening superseding cause to the negligence of the defendant. On appeal, the plaintiffs

raise the following issues: (1) whether the trial court erred in finding that the plaintiff's actions were superseding or intervening where the resulting injuries were a foreseeable consequence of the defendant's actions; and (2) whether the trial court erred in entering summary judgment where the issue of intervening cause was previously determined by the trial court and where material issues of fact exist for the jury to determine.

The record discloses that on November 10, 1977, defendant, Shrout Pharmacy, accepted a phone call order for 100 capsules of a medical prescription purportedly on behalf of plaintiff, Donald Moss. The order was placed by Donald Moss' minor daughter Jennifer Moss, age 14, for her own use.

Defendant filled the prescription and delivered it to the plaintiff's home. The delivery was accomplished by leaving the prescription on the front doorstep of their home. Donald Moss' youngest daughter, Mallory, took the prescription from the doorstep and gave it to Jennifer Moss. Jennifer Moss' deposition reveals that she then put the prescription under her bed and retrieved it later that night. Her deposition further reveals that she then wrote a suicide note and ingested 35 of the prescription capsules. Plaintiff lapsed into a coma for four days and spent an additional 1½ months in Evanston Hospital, as well as an additional year in out-patient psychiatric care.

The record further discloses that upon the filing of the complaint, the defendant filed a motion to dismiss the complaint. An agreed order was entered into by the parties whereby the defendant's motion to dismiss was denied with prejudice. Thereafter the defendant filed a motion for summary judgment. In support of the motion, defendant offered the affidavit of Donald E. McDonald, director of the department of pharmacy at Northwestern Memorial Pharmacy in Chicago. McDonald stated that for eight years the plaintiffs had ordered prescriptions at defendant's pharmacy and the doorstep delivery procedure had been used on several occasions. According to McDonald, the delivery procedure was "a reasonable, proper, necessary and accepted method of delivering drug prescriptions to pharmacy customers in general and to the Moss family in particular." Plaintiffs offered no contradictory evidence. The trial court granted the defendant's motion upon finding that Jennifer Moss' actions constituted an intervening and superseding cause to the defendant's negligence.

Initially, the plaintiffs contend that the act of ingesting the capsules does not constitute a superseding or intervening cause because Jennifer Moss' injuries were a foreseeable consequence of the defendant's actions. Plaintiffs rely on *O'Brien v. Musfeldt* (1951), 345

Ill. App. 12, 102 N.E.2d 173, and assert that because the defendant allowed a minor access to barbituates, the defendant was aware that attempted suicide was likely to result from his actions.

The defendant counters by asserting that negligent conduct cannot be the proximate cause of an injury unless there is evidence that but for the conduct the injury probably would not have resulted. (*Kincl v. Hycel, Inc.* (1977), 56 Ill. App. 3d 772, 372 N.E.2d 385.) Additionally, where a defendant's negligence merely creates a passive condition that makes injury possible, but is not the cause of the injury, the defendant cannot be held liable for a plaintiff's injury. *First National Bank v. City of Aurora* (1976), 41 Ill. App. 3d 326, 353 N.E.2d 309, *rev'd on other grounds* (1978), 71 Ill. 2d 1, 373 N.E.2d 1326.

In the instant case, application of a "but for" analysis as suggested by the plaintiffs, would miss the import of the intervening superseding cause doctrine. Clearly, had the defendant not filled the prescription, the plaintiff could not have attempted suicide. The issue, however, is whether attempted suicide was the natural and probable result of the defendant's actions.

We are in accord with the holding in *Stasiof v. Chicago Hoist & Body Co.* (1964), 50 Ill. App. 2d 115, 122, 200 N.E.2d 88, 92, *aff'd sub nom. Little v. Chicago Hoist & Body Co.* (1965), 32 Ill. 2d 156, 203 N.E.2d 902, that attempted suicide is not a natural and probable result of a defendant's negligence. Therefore, the defendant could not have foreseen the plaintiff's actions and cannot be held liable for them.

Plaintiffs next argue that Jennifer Moss' deposition poses questions as to whether she was in command of all her faculties at the time of the incident. Plaintiff's inability to remember other acts she had performed on the day in question, her failure to remember whether the prescription container had a safety top, and her inability to remember whether the suicide note was written with a pen or pencil or on notebook paper are all actions alleged to question whether or not the plaintiff was in full command of her faculties. Plaintiffs rely on *Orcutt v. Spokane County* (1961), 58 Wash. 2d 846, 364 P.2d 1102, to assert that when insanity prevents one from realizing the nature of his act or from controlling his conduct, a resulting suicide is to be regarded as a direct result and not as an intervening force. Therefore, a defendant would be liable for injuries resulting from an attempted suicide.

Defendant contends that the trial court properly construed the rule prohibiting recovery for attempted suicide following a tortious act. Defendant relies on the rule acknowledged in *Stasiof v. Chicago*

*Hoist & Body Co.* (1964), 50 Ill. App. 2d 115, 122, 200 N.E.2d 88, 92, *aff'd sub nom. Little v. Chicago Hoist & Body Co.* (1965), 32 Ill. 2d 156, 203 N.E.2d 902, which states that "the act of suicide is an independent intervening act which the original tortfeasor could not have reasonably expected to foresee." Therefore, "there is no recovery for [an] *** attempted suicide following a tortious act ***" (50 Ill. App. 2d 115, 122, 200 N.E.2d 88, 92).

Plaintiffs argue, however, that an exception to the general rule exists where the suicide is a tráceable result of the tortfeasor's actions, notwithstanding that the decedent was not insane at the time of taking his own life. Plaintiff relies on the case of *Tate v. Cononica* (1960), 180 Cal. App. 2d 898, 5 Cal. Rptr. 28. In *Tate*, defendants continually harassed, embarrassed and humiliated the deceased in the presence of friends, relatives and business associates. As a direct result, the deceased became physically and mentally disturbed and committed suicide. (180 Cal. App. 2d 898, 900, 5 Cal. Rptr. 28, 31.) The court held that civil liability would not attach where defendant's act was intentional but where there was no intent to cause injury. (180 Cal. App. 2d 898, 909, 5 Cal. Rptr. 28, 36.) The exception, therefore, was applicable only where the actor intended to cause injury, and the injury was a cause in fact of the suicide.

The exception is recognized in Illinois where, due to the defendant's actions, the "person injured becomes insane and bereft of reason, and while in [that] condition and as a result thereof he takes his own life." *Stasiof v. Chicago Hoist & Body Co.* (1964), 50 Ill. App. 2d 115, 122, 200 N.E.2d 88, 92; *Repinski v. Jubilee Oil Co.* (1980), 85 Ill. App. 3d 15, 25, 405 N.E.2d 1383, 1390.

The issue then, is whether the defendant's negligent conduct caused the plaintiff to be so bereft of reason as to cause her to attempt suicide. Jennifer Moss' deposition is the only evidence before the court which gives an indication of her mental state before ingesting the drugs. At several points in her deposition, Jennifer stated that she knew the dangers of the drugs. When asked if she was ever warned about the sleeping pills she responded, "[m]y father had instructed never to touch his sleeping pills. My father had instructed never to go near his sleeping pills, never to touch them or to take them, and they were fatal." She also admitted that she knew that teenagers had died from overdoses of sleeping pills.

In her deposition, the minor plaintiff also admitted that the suicide attempt was a voluntary, intentional act. She stated that she intended to take enough of the sleeping pills to die, and that she had decided to commit suicide before she ordered the pills.

We are convinced that the defendant's act of filling the prescription and delivering it to the plaintiff's doorstep were not the proximate cause of Jennifer Moss' attempted suicide. From plaintiff's deposition it is clear that she was aware of the act she attempted to commit. She knew the drugs could be fatal, she decided to kill herself before she ordered the drugs, she wrote a suicide note and she hid the prescription under her bed until late that same night in order that she would not be disturbed before the drugs could take effect. Therefore, we disagree with the plaintiffs that a material issue of fact exists for a jury to determine as to Jennifer Moss' mental state.

■ Finally, the plaintiffs make a blanket assertion, without more, that summary judgment should not have been granted where the issue of intervening cause had been previously determined by virtue of the agreed order of the parties.

The defendant, on the other hand, asserts the well-established principle that there is no error in entering summary judgment after a motion to dismiss the complaint has been denied. (*Morck v. Nicosia* (1968), 91 Ill. App. 2d 327, 328, 235 N.E.2d 287, 288; *Stanko v. Zilien* (1961), 33 Ill. App. 2d 364, 368-69, 179 N.E.2d 436, 438.) This result is especially true where the motion to dismiss was entered by agreement of the parties, rather than by a ruling of the court. It follows that the trial court did not err in entering summary judgment in favor of the defendant.

Accordingly, for the reasons stated herein, the decision of the circuit court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY, P.J., and GOLDBERG, J., concur.