TRAVIS HAYES, Plaintiff-Appellee, v. PAUL K. WILSON *et al.*, Defendants-Appellants (Jeffrey Glassman *et al.*, Defendants).

First District (3rd Division)   No. 1—95—2054

Opinion filed September 25, 1996.

---

Cassiday, Schade & Gloor, of Chicago (Martha A. Pagliari, Jennifer A. Keller, and Michele C. Anderson, of counsel), for appellant Paul K. Wilson.

Hinshaw & Culbertson, of Chicago (Stephen R. Swofford, Edward J. Rolwes, Christine L. Olson, and Lisa L. Marre, of counsel), for appellant Edward Chavez.

Walsh, Knippen, Knight & Diamond, Chartered, of Wheaton (Thomas L. Knight, of counsel), for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

This case comes to us on an interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (155 Ill. 2d R. 308), and we respond to the following certified question:

"Where the plaintiff has alleged in his medical malpractice complaint (supported by affidavit) a continuing course of negligent treatment over a period of many years by those dentists who treated him at a dental clinic, and two of the dentists have filed motions for summary judgment based solely on the statute of repose, does the continuing course of negligent treatment doctrine of *Cunningham v. Huffman, et al.*, apply to a clinic dentist who has not treated the plaintiff for more than the four year repose period, where other dentists have treated the plaintiff within the repose period?"

We answer the certified question in the negative and, under the Illinois Supreme Court's ruling in *Cunningham v. Huffman*, 154 Ill. 2d 398 (1993), find the four-year statute of repose (735 ILCS 5/13—212 (West 1992)) commences at the time the treatment by the allegedly negligent dentist ceases.

In 1982 plaintiff Travis Hayes began receiving dental care at defendant All Suburban Dental Clinic (hereinafter the Clinic). Between September 1982 and November 1985, defendant Dr. Paul K. Wilson, a dentist with the Clinic, treated plaintiff on four occasions. From January 1984 through August 1987, defendant Dr. Edward Chavez, a dentist with the Clinic until 1987, treated plaintiff. In 1987 Dr. Chavez stopped seeing patients at the Clinic because he left to open his own private practice.

In October 1992 plaintiff filed a complaint against defendant

Clinic and defendant Dr. Jeffrey Glassman, a dentist with the Clinic, alleging negligent dental treatment. On July 19, 1993, plaintiff filed an amended complaint naming, for the first time, defendants Wilson and Chavez, among others. In the amended complaint, plaintiff alleged that defendants Wilson and Chavez "engaged in a continuing course of dental treatment and care" for plaintiff. There is no dispute that Doctors Wilson and Chavez had ceased treating plaintiff for more than four years before plaintiff filed a complaint against them.

Doctors Wilson and Chavez, the only defendants involved in the instant appeal, filed motions for summary judgment asserting that plaintiff's complaint was barred by the four-year statute of repose. After initially denying both summary judgment motions, the circuit court granted an amended summary judgment in favor of Dr. Chavez but later vacated the order upon plaintiff's motion to reconsider. The circuit court also denied Dr. Wilson's amended motion for summary judgment. Thereafter, in June 1995, the circuit court certified the question now on appeal.

■ The four-year statute of repose for medical negligence actions provides, in pertinent part:

"[N]o action for damages for injury or death against any *** dentist, *** whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew *** of the injury or death for which damages are sought in the action, *** but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." 735 ILCS 5/13—212(a) (West 1992).

In *Cunningham*, the supreme court held "that a plaintiff is not barred by the statute of repose if she can demonstrate that there was an ongoing course of continuous *negligent* medical treatment." (Emphasis in original.) *Cunningham*, 154 Ill. 2d at 406. Notwithstanding the adoption of the continuing course of negligent treatment doctrine, the supreme court in *Cunningham* found "that once treatment by the negligent physician is discontinued, the statute of repose begins to run, regardless of whether or not the patient is aware of the negligence at termination of treatment." *Cunningham*, 154 Ill. 2d at 406; see also *Witt v. Jones & Jones Law Offices, P.C.*, 269 Ill. App. 3d 540, 544 (1995) ("[i]n *Cunningham* the doctrine was explained as a tolling of the statute of repose until the end of a doctor-patient relationship").

■ We believe the dictates of *Cunningham* are clear and, therefore, the statute of repose began to run when Drs. Chavez and

Wilson discontinued their treatment of plaintiff. To hold otherwise would expose the dentists to future liability for an indefinite period of time. Such potential exposure directly contravenes the specific intent of the period of repose, *i.e.*, "to terminate the possibility of liability after a defined period of time" and "to curtail the 'long tail' exposure to medical malpractice claims brought about by the advent of the discovery rule." *Cunningham*, 154 Ill. 2d at 406.

The statute of repose bars actions against dentists employed by a clinic where the dentists have not treated the plaintiff within the four-year repose period. Drs. Chavez and Wilson ceased their treatment of plaintiff more than four years before plaintiff filed his complaint against them.

As to the scope of our answer to a certified question under Rule 308, "the appellate court's task is to answer the question certified by the trial court, rather than rule on the propriety of any underlying order." *Danner v. Norfolk & Western Ry. Co.*, 271 Ill. App. 3d 598, 601 (1995). However, Illinois Supreme Court Rule 366(a)(5) establishes our authority in resolving issues on appeal:

> "When this court accepts an appeal involving a certified question, we may 'enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief *** that the case may require.' " *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188, 193 (1995), quoting 134 Ill. 2d R. 366(a)(5).

We have already answered the certified question in the negative. In light of our authority pursuant to Rule 366(a)(5) and the holding in *Boyd*, we also reverse the circuit court's order which, upon plaintiff's motion to reconsider, denied Dr. Chavez's amended motion for summary judgment and denied Dr. Wilson's amended motion for summary judgment. We remand this cause to the circuit court for further proceedings consistent with this opinion.

Certified question answered; reversed and remanded.

RIZZI[1] and CERDA, JJ., concur.

---

[1]Justice Rizzi participated in the decision in this appeal prior to his retirement from the Appellate Court of Illinois, First District.