FIFTH DIVISION

March 30. 2001

Nos. 1-99-4417) Cons.

1-99-4465)   

GREGORY KLEEN, Special Administrator )        Appeal from

of the Estate of David Kleen, Deceased, )     the Circuit Court

)      of Cook County.

Plaintiff-Appellee, )

)

v. )

)      No.  98-L-66009

HOMAK MANUFACTURING COMPANY, INC., )

GANDER MOUNTAIN, INC., GRS, INC., and )

GMO, INC., )         Honorable

)     Patrick S. Grossi,

Defendants-Appellants. )      Judge Presiding.

JUSTICE THEIS delivered the opinion of the court:

Plaintiff Gregory Kleen (Gregory) brought this wrongful death and survival action under theories of negligence and strict product liability, individually and as special administrator of the estate of David Kleen (David), against defendants Homak Manufacturing Company, Inc. (Homak), Gander Mountain, Inc., GRS, Inc., and GMO, Inc. (collectively Gander), following the death of his son David.  Homak and Gander filed a motion to dismiss pursuant to section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 1998)), arguing that the complaint failed to state a cause of action because David's suicide constituted an intervening cause breaking the line of causation from defendants to David.  The trial court denied Homak's and Gander's motion to dismiss, but certified a question for interlocutory appeal under Illinois Supreme Court Rule 308.  155 Ill. 2d R. 308.  

Both Gander and Homak filed interlocutory appeals under Rule 308.  One division of this court accepted the certified question in Gander's appeal under No. 1-99-4465.  Another division denied Homak's appeal, yet later allowed the appeal under No. 1-99-4417 after Homak filed a  motion to reconsider.  These appeals were then consolidated.

The certified question we are asked to answer is "whether the act of suicide, under the facts alleged in the Plaintiff's complaint, constitutes an independent intervening act which breaks the chain of causation."  We answer the certified question in the affirmative and reverse the trial court's order denying defendants' motion to dismiss. 

 Gregory alleges the following facts in his complaint.  Gregory is David's natural parent and guardian and the special administrator of David's estate.  David died intestate on June 13, 1996.  Homak is an Illinois corporation that sells and distributes safes for the storage of firearms and ammunition.  Gander is a Wisconsin corporation engaged in altering, labeling, selling and distributing firearm safes.  Sometime between June 13, 1986, and June 13, 1996, Homak manufactured and sold model No. 3090 gun safe for the secure storage of firearms and ammunition.  At some point during this period, Gregory purchased this Homak gun safe from Gander.  Gregory stored his firearm and ammunition inside the Homak model No. 3090 safe.  On or before June 13, 1996, David broke into the locked safe with a screwdriver and removed the gun.  On June 13, 1996, David committed suicide with the gun he procured from the gun safe.  Thereafter, Gregory filed this cause of action against Homak and Gander under the theories of negligence and strict liability, alleging the gun safe was defective in that it contained a weak lock which could be easily broken.  

Initially, Homak and Gander contend that, in answering the certified question, there may be a conflict as to whether Illinois or Indiana law applies, arguing that the events surrounding David's suicide occurred in Indiana.  However, the case was filed in Illinois and the complaint fails to state where Gregory purchased the gun safe, where the safe was located when David broke into it, or where David committed suicide.  Therefore, we will apply Illinois law.

The certified question we have been asked to answer only requires us to address the issue of proximate cause under each theory of recovery.  The concept of proximate cause is the same in negligence and strict liability in tort.  
Schultz v. Hennessy Industries, Inc.
, 222 Ill. App. 3d 532, 540, 584 N.E.2d 235, 241 (1991).  We make no conclusions as to whether Gregory has pleaded or could prove the other elements of negligence and strict liability.
(footnote: 1)  Our analysis is strictly confined to the element of causation.  Additionally, we note that the complaint identifies two different plaintiffs, Gregory individually and as special administrator of David's estate, and identifies two different defendants, the manufacturer and distributor.  While the duties owed to each may be distinct, both plaintiffs must satisfy the element of causation as to each defendant.  Therefore, our analysis of proximate cause applies to both plaintiffs, both defendants, and both causes of action.

Under both strict liability and negligence, a proximate cause is one that produces an injury through a natural and continuous sequence of events unbroken by any effective intervening cause.  
Unger v. Eichleay Corp.
, 244 Ill. App. 3d 445, 451, 614 N.E.2d 1241, 1246 (1993).  While proximate cause is ordinarily a question for the trier of fact, it becomes a question of law where there is no material issue of fact regarding the matter or only one conclusion is clearly evident.  
Williams v. University of Chicago Hospitals
, 179 Ill. 2d 80, 88, 688 N.E.2d 130, 134 (1997). Here, we believe it is appropriate to determine the question as a matter of law, for the complaint fails to disclose any allegations that, even if true, would establish proximate cause.

Proximate cause is composed of two distinct requirements: legal cause and cause in fact.  
First Springfield Bank & Trust v. Galman
, 188 Ill. 2d 252, 257-58, 720 N.E.2d 1068, 1072 (1999), citing 
Lee v. Chicago Transit Authority
, 152 Ill. 2d 432, 455, 605 N.E.2d 493, 502 (1992).  "A defendant's conduct is a cause in fact of the plaintiff's injury only if that conduct is a material element and a substantial factor in bringing about the injury."  
First Springfield Bank & Trust
, 188 Ill. 2d at 258, 720 N.E.2d at 1072; see also 
Lee
, 152 Ill. 2d at 455, 605 N.E.2d at 502. 
 The question is whether, absent defendant's conduct, the injury would not have occurred.  
First Springfield Bank & Trust
, 188 Ill. 2d at 258, 720 N.E.2d at 1072; 
Lee
, 152 Ill. 2d at 455, 605 N.E.2d at 502-03.  Legal cause is a question of foreseeability.  
Lee
, 152 Ill. 2d at 456, 605 N.E.2d at 503; 
Fitzgibbon v. National Broadcasting Co.
, 314 Ill. App. 3d 52, 54, 732 N.E.2d 64, 66 (2000).  The inquiry here is "whether the injury is of a type that a reasonable person would see as a likely result of his or her conduct."  
First Springfield Bank & Trust
, 188 Ill. 2d at 258, 720 N.E.2d at 1072.    

We first address whether Gregory has pleaded facts sufficient to establish legal cause.  While neither party directly discusses this precise issue, both argue whether David's suicide was foreseeable under these facts.  Homak and Gander focus on David's suicide and urge us to follow a line of cases which holds that, as a matter of law, suicide is unforeseeable and is therefore an independent intervening cause which breaks the chain of causation.  See, 
e.g.
, 
Moss v. Meyer
, 117 Ill. App. 3d 862, 454 N.E.2d 48 (1983); 
Stasiof v. Chicago Hoist & Body Co.
, 50 Ill. App. 2d 115, 200 N.E.2d 88 (1964), 
aff'd sub nom.
 
Little v. Chicago Hoist & Body Co.
, 32 Ill. 2d 156, 203 N.E.2d 902 (1965).  

Gregory directs us to cases where suicide has been found to be foreseeable.  In 
Winger v. Franciscan Medical Center
,
 
299 Ill. App. 3d 364, 366, 701 N.E.2d 813, 814 (1998)
, 
the parents of a patient brought a wrongful death action against a hospital and psychiatrist after the patient committed suicide while in defendants' care for severe depression.  The patient had been admitted to defendants' facility five times for suicide attempts in the previous five months.  
Winger
, 299 Ill. App. 3d at 366, 701 N.E.2d at 814.  In reversing the grant of summary judgment for defendants, the court distinguished the earlier cases:

"The crucial problem in the previous cases we have cited and ones like them is that the act of suicide was not reasonably foreseeable and thus liability reasonably could not be placed on the tortfeasor.  That is not the case here.  Here there is a genuine issue of fact regarding the foreseeability of the suicide.  Therefore, we do not find 
Stasiof
, 
Little
 or 
Moss
 controlling."  
Winger
, 299 Ill. App. 3d at 372, 701 N.E.2d at 818.

Gregory also cites 
Delasky v. Village of Hinsdale
, 109 Ill. App. 3d 976, 981, 441 N.E.2d 367, 371 (1982)
, which summarized cases from other jurisdictions where courts have looked to "special circumstances" which form the basis of a jailer's liability for a prisoner's act of suicide, including known suicidal tendencies.  However, in 
Delasky
, the court found that the Hinsdale police officers did not breach their duty to take reasonable care of their prisoner where it was not unreasonable to conclude from the evidence that the prisoner was not a suicide risk.  
Delasky
, 109 Ill. App. 3d at 982, 441 N.E.2d at 371.

Gregory contends that, under the facts of the complaint, David's suicide was foreseeable.  The complaint alleges that defendants manufactured and marketed a gun safe, a product that failed to perform its sole purpose--the prevention of unauthorized access to an inherently dangerous weapon.  Gregory argues defendants should have foreseen the weapon would be used by a person who was able to break open the safe.  

The question becomes whether it was reasonably foreseeable that creating an allegedly defective lock on a gun safe would result in a person breaking into the gun safe with a screwdriver, removing the gun stored inside, and then using that gun to kill himself.  We find that David's suicide was not foreseeable to Homak or Gander.  David's decision to kill himself, albeit tragic, was entirely of his own making.  Gregory has not alleged that David was a minor or mentally unstable.  As a competent adult, we must assume that David knew that a gun was inside the safe and clearly understood the dangers posed by the weapon.  He purposefully obtained the gun and intentionally took his own life.  Homak and Gander did not cause David to make that decision, nor could they reasonably have anticipated that decision as a likely consequence of their conduct.  Thus, Gregory has not adequately alleged legal cause.    

Instead, we find that Homak's and Gander's allegedly defective product was only a passive condition which allowed David's injury to occur.  A plaintiff must prove that the alleged defect in the product was an actual cause of the injuries rather than a mere condition.  
Gilbertson v. Rolscreen Co.
, 150 Ill. App. 3d 192, 197, 501 N.E.2d 954, 957 (1986).  In this case, the product at issue is the gun safe, not the gun.  The allegedly defective gun safe did not injure David in any way, but merely provided a condition allowing David slightly easier access to the gun.  Rather, it was David's intentional, voluntary, and independent act of removing the gun and shooting himself that was the sole proximate cause of his injury and death.  Thus, Gregory has not alleged, and cannot prove, under negligence or strict product liability, that Homak's and Gander's allegedly defective gun safe was the proximate cause of David's injury.

Where an appeal involves a certified question, a reviewing court must answer the question, but it also has the authority to "'enter any judgment and make any order that ought to have been given or made' and to make any other orders and grant any relief that may be required."  
M
eyers v. Underwood
, 316 Ill. App. 3d 970, 992 n.7, 738 N.E.2d 118, 134 n.7 (2000), quoting 
Hayes v. Wilson
, 283 Ill. App. 3d 1015, 1018, 670 N.E.2d 867, 869 (1996).  For the foregoing reasons, we find that David's intentional act of suicide was the sole proximate cause of his death.  We answer the certified question in the affirmative and, because we find that Gregory could never establish proximate cause, we reverse the order denying defendants' motion to dismiss.

Certified question answered; order reversed.

GREIMAN and REID, JJ., concur.

FOOTNOTES
1:
¹In his brief, Gregory contends that by not discussing the other elements of negligence and strict liability in their briefs, Homak and Gander have conceded these elements.  We disagree because Homak and Gander were required to address only the certified question and not any other issues.  We find that neither Homak nor Gander conceded any elements.