SIXTH DIVISION

MARCH 31, 2003

1-02-2629

INPHOTO SURVEILLANCE, INC., ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. ) No. 01 L 15540

)

CROWE, CHIZEK AND COMPANY, LLP, ) Honorable

) Peter A. Flynn

Defendant-Appellant. ) Judge Presiding

JUSTICE TULLY delivered the opinion of the court:

This case reaches us for resolution of certified questions pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308).  Plaintiff, Inphoto Surveillance, Inc., filed a complaint against defendant, Crowe, Chizek and Company, LLP, alleging that defendant negligently rendered accounting advice regarding plaintiffs liability for sales taxes in the state of New York.  Plaintiff alleged that as a result of the negligent advice it failed to collect sales tax from its customers in New York and incurred a substantial tax burden as a result.  Defendant moved to dismiss the complaint alleging that the cause of action was barred by the statute of repose contained in section 13-214.2(b) of the Limitations Act (735 ILCS 5/13-214.2(b) (West 2002)).  The trial court denied defendant's motion to dismiss and certified the following questions for interlocutory Review:

"Although the exception to the accountant's statute of repose provided for in 735 ILCS 5/13-214.2(b) refers to 'income tax assessments,' should §13-214.2 be construed to permit an action under the circumstances of this case, based on an assessment of sales taxes?"

and

"Although the exception to the accountant's statute of repose provided for in 735 ILCS 5/13-214.2(b) refers to extending the time to file an action against the accountant 'who prepared the tax return,' should §13-214.2 be construed so as to permit an action, under the circumstances of this case, against an accountant which advised its client (who followed the advice) that a tax return did not have to be prepared or filed?"

We granted leave to appeal these questions.

BACKGROUND

Plaintiff's complaint alleged the following.  Plaintiff provides surveillance services in Illinois and other states for the insurance industry.  Defendant provided accounting services and advice to plaintiff.  In 1992 plaintiff began providing surveillance services to customers in New York and asked defendant whether it was required to collect sales tax from its clients and file sales tax returns with the state of New York.  Defendant advised plaintiff that it did not need to register as a sales tax vendor or collect sales taxes.  In reliance on defendant's advice, plaintiff did not collect sales taxes or remit sales taxes to New York.

In 1999 plaintiff entered into a voluntary disclosure program with the New York State Department of Taxation.  As a condition of acceptance into the program, plaintiff paid approximately $500,000 assessed as unpaid sales tax.  Plaintiff alleged that defendant's advice regarding the payment of sales taxes to New York was wrong and that it was at all times required to collect and pay sales taxes.  Plaintiff alleged that defendant's advice breached the standard of care and that it was injured because absent the erroneous tax advice it would have collected the required sales taxes from its customers.  Plaintiff's complaint contained a second count entitled "Implied Indemnity."  Plaintiff alleged that because it relied on defendant's advice regarding the collection of sales taxes, defendant was required to indemnify it for the back taxes it paid to the state of New York.

Defendant moved to dismiss plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2002)).  Defendant alleged that the complaint was barred by the two-year statute of limitations contained in section 13-214.2(a) of the Limitations Act.  Defendant alternatively alleged that the complaint was barred by the five-year statute of repose contained in section 13-214.2(b) of the Limitations Act.  On July 12, 2002, the trial court denied defendant's motion to dismiss "for the reasons stated in open court."  However, there is no report of proceedings, or bystanders report in the record which reflects the reasons given by the trial court for its denial of the motion to dismiss.  Defendant subsequently moved to reconsider the trial court's ruling or in the alternative certify the question for immediate interlocutory appeal.  The trial court denied defendant's motion to reconsider and granted its motion to certify the question for appeal.  In its written order the trial court held that it "would make no sense to limit the exception to income, as opposed to sales, tax assessment."  The trial court also certified the two questions for appeal set forth above.  We subsequently granted defendant petition for leave to appeal.

ANALYSIS

Our disposition of this appeal depends on an interpretation of the statute of repose applicable to accountants.  Section 13-214.2 of the Limitations Act provides, in pertinent part:

"(a) Actions based upon tort, contract or otherwise against any person, partnership or corporation registered pursuant to the Illinois Public Accounting Act, as amended, or any of its employees, partners, members, officers or shareholders, for an act or omission in the performance of professional services shall be commenced within 2 years from the time the person bringing an action knew or should reasonably have known of such act or omission.

(b) In no event shall such action be brought more than 5 years after the date on which occurred the act or omission alleged in such action to have been the cause of the injury to the person bringing such action against a public accountant. Provided, however, that in the event that an income tax assessment is made or criminal prosecution is brought against a person, that person may bring an action against the public accountant who prepared the tax return within two years from the date of the assessment or conclusion of the prosecution."  735 ILCS 5/13-214 (West 2002).

The interpretation of a statute is a question of law which reviewing courts resolve de novo.  
Advincula v. United Blood Services
, 176 Ill.2d. 1, 12 (1997).  The primary objective of statutory construction is to ascertain and give effect to the intent of the legislature, and all other rules of statutory construction are subordinate to this cardinal principle  
People ex rel. Sherman v. Cryns
, No. 93412 slip op at 11 (Ill. February 21, 2003).  A reviewing court ascertains the intent of the legislature by examining the language of the statute, which is " 'the most reliable indicator of the legislature's objectives in enacting a particular law.' "  
Cryns
, No. 93412 slip op. at 12, quoting 
Michigan Avenue National Bank v. County of Cook
, 191 Ill. 2d 493, 504 (2000).  If the language of the statute is plain, clear and unambiguous, the intent of the legislature is to be ascertained therefrom and the statute will be given effect without resort to other aids for construction.  
Gem Electronics of Monmouth, Inc. v. The Department of Revenue
, 183 Ill. 2d 470, 475 (1998), citing 
People v. Woodard
, 175 Ill.2d 435, 443 (1997).  In construing a statute, a court is not at liberty to depart from its plain language and meaning by reading into the statute exceptions, limitations, or conditions that conflict with the intent of the legislature.  
Gem Electronics
, 183 Ill. 2d at 475.

Section 13-214.2(b) provides both a statute of repose barring claims against accountants after five years and an exception to that statute of repose if “an income tax assessment or criminal prosecution” is brought.  Plaintiff concedes that the “criminal prosecution” portion of the exception has no application in this case because it entered into a voluntary disclosure program which avoided the possibility of criminal prosecution.  The sole question, therefore, is whether we should construe the phrase “income tax assessment” to include “sales tax assessment.”  We find that there is nothing ambiguous about the phrase “income tax assessment.”  Further we find nothing within the language of the statute to suggest that the legislature intended the exception to apply to sales tax assessments.  If the legislature had intended this section to apply to sales tax assessments it could have easily included that phrase in the statute.  Similarly, if the legislature had intended this section to apply to tax assessments in general, it could have easily omitted the word “income” from the phrase “income tax assessment.”  If the legislature had done so, we would be forced to conclude the exception applies to all types of taxes, income tax, sales tax, real estate tax, excise tax, or any other tax.  However, the legislature unambiguously limited the exception to “income tax assessments.”  We believe that construing the statute in the manner the trial court did impermissibly creates an exception that the legislature did not intend.  Accordingly, we conclude that the exception to the statute of repose contained in section 13-214.2(b) cannot be construed to apply to sales tax assessments.

Plaintiff argues that a cause of action for accounting malpractice does not accrue until an income tax assessment is made.  See 
Bronstein v. Kalcheim & Kalcheim
, 90 Ill. App. 3d 957 (1980).  Plaintiff argues that we can infer that the legislature included an exception for income tax assessments in the statute of repose to preserve claims that might otherwise not accrue until the statute of repose had run.  Plaintiff further argues that a cause of action based on faulty advise regarding sales taxes likewise will not accrue until an assessment is made.  Plaintiff concludes that because both causes of actions may not accrue until after the statute of repose had run, the legislature must have intended for the exception to apply to both causes of action.  Plaintiff argues that we must consider the intent of the legislature when interpreting the statue and that we must therefore construe the exception to include sales tax assessments.

We find several flaws in plaintiff’s argument.  First, we only apply a consideration of the intent of the legislature to construe a statute if the language of the statue is ambiguous.  See 
Poullette v. Silverstein
, 328 Ill. App. 3d 791, 794 (2002).  We find no ambiguity in the language used by the legislature, and accordingly no need to further attempt to discern legislative intent.  Second, the very purpose of a statute of repose is to bar claims that may not accrue until well after the act or occurrence upon which they are based.  See 
Sorenson v. Law Offices of Theodore Poehlmann
, 327 Ill. App. 3d 706, 709 (2002) ("a statute of repose is unrelated to the accrual of any cause of action").  If the legislature did not intend to bar these otherwise valid claims, there would be no need to provide for a statute of repose in addition to the statute of limitations.  Finally, although both malpractice actions bases on sales tax advice and income tax advice may accrue after the advice has been given, we find no reason to conclude that the legislature intended to treat them in the same manner.  The legislature may have simply concluded that delayed claims as the result of income tax assessment presented a more serious problem than delayed claims resulting from other types of tax assessments.  It is not necessary for us to search for any subtle or not readily apparent intention of the legislature.  
Woodward
, 175 Ill. 2d at 443.  We believe that the arguments presented by plaintiff would require us to ascribe a subtle intention to the legislature that conflicts with the plain language of the statute.

We note that although plaintiff bases its arguments on the similarity between sales tax and income tax assessments, plaintiff has made no constitutional challenge to the statute.  Plaintiff does not argue that by making a distinction between income tax and other types of tax assessments the legislature violated either due process or equal protection.

We conclude that the exception to the statute of repose cannot be construed to apply to sales tax assessments.  Accordingly, we answer the trial court’s first certified question in the negative.  Our disposition of this question obviates the need to address the trial court’s second certified question.  If the exception does not apply to sales tax assessments, there is no need to determine whether the failure to prepare a sales tax return is the equivalent of preparing a faulty return.  Plaintiff raised an additional argument on appeal related to whether its “implied indemnity” count was subject to the statute of repose.  However, the trial court did not address this issue below and did not certify a question regarding that issue.  Therefore, we decline to address plaintiff’s arguments on appeal.  However, because this argument presents a potential alternative basis for denying defendant’s motion to dismiss, we will not reverse the order of trial court outright.  Instead, we vacate the order of the trial court denying defendant’s motion to dismiss.  See 
Kleen v. Homak Manufacturing Co.
, 321 Ill. App. 3d 639, 644 (2001) (holding that in addition to answering a certified question a reviewing court also has the authority to make any order that ought to have been given or grant any relief that may be required).  On remand the trial court must rule on defendant's motion to dismiss in light of our response to the certified question and any other alternative arguments raised by the parties.

Certified question answered, order vacated, cause remanded.

O'BRIEN, P.J., and GALLAGHER, J., concur.