WILLIE MAE POWELL, Plaintiff-Respondent, v. STATE FARM FIRE
AND CASUALTY COMPANY, Defendant-Petitioner.
First District (5th Division)   No. 1—92—0558

Opinion filed March 12, 1993.

Julie L. Trester, Frederick J. Sudekum III, and Michael Resis, all of
Querrey & Harrow, Ltd., of Chicago, for appellant.

Allen H. Meyer and Glenn A. Schwartz, both of Schwartz, Freidin &
Associates, of Chicago, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

In a lawswuit for breach of contract between plaintiff Powell and State Farm Insurance Company, the jury returned a verdict in favor of State Farm. Following plaintiff's post-trial motion, the trial court entered a partial judgment notwithstanding the verdict in favor of plaintiff and State Farm appealed.

In 1976 plaintiff purchased homeowners insurance from State Farm for her home at 1501 South 7th Street in Maywood, Illinois. State Farm charged plaintiff a single annual premium of $160 for the following coverage: (1) $67,400 for the house; (2) $37,070 for personal property; and (3) $20,220 for loss of the house's use. The policy provided in pertinent part:

> "This entire policy shall be void if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance."

The policy further required plaintiff to submit to examinations under oath regarding any claimed loss.

On June 23, 1985, a fire destroyed the house and allegedly destroyed all of its contents. A subsequent investigation by Michael Draco, a fire investigator for the Village of Maywood, revealed that the origin of the fire (which had occurred when plaintiff and her family were not at home) was arson. Both a public adjuster and State Farm's adjuster agreed that the house was damaged beyond repair and could be characterized as a "constructive total loss." Plaintiff submitted a claim to State Farm for the loss of the building ($78,835.92); additional temporary living expenses (policy limits were claimed); and personal property loss ($185,182.29 was claimed) which allegedly included all of plaintiff's personal property.[1]

Plaintiff also completed a sworn proof of loss and appeared for examination under oath as required by the policy. State Farm denied the claim following its investigation and determined that plaintiff had caused the fire and misrepresented the extent of the personal property damage. Plaintiff then filed suit against State Farm for breach of contract and the litigation underlying the instant appeal ensued. In the trial court, State Farm admitted that it had issued a homeowner's policy to plaintiff, but denied that plaintiff was

---

[1]Trial testimony established not only that many of the claimed items of personal property had not been in the house at the time of the fire, but also that many claimed items of personal property had been seen in a hair salon owned and operated by plaintiff.

entitled to recover. As a basis for this theory, State Farm alleged five affirmative defenses: (1) that plaintiff intentionally caused the fire; (2) that plaintiff intentionally misrepresented or concealed her knowledge of the fire's cause and origin in her examination under oath; (3) that plaintiff intentionally misrepresented the amount and value of her personal property damaged by the fire in her proof of loss; (4) that plaintiff intentionally concealed or misrepresented her removal of personal property from the premises in her examination under oath; and (5) that plaintiff intentionally misrepresented the amount and value of the loss that she sustained in her examination under oath.

A jury trial ensued, returning a general verdict in favor of State Farm and awarding plaintiff nothing on her claim that State Farm had breached the insurance contract. Additionally, the jury answered "No" to the special interrogatory, finding that plaintiff did not intentionally cause the fire to be set.

Plaintiff thereafter filed a post-trial motion arguing that the jury's answer to the special interrogatory conflicted with, and therefore controlled, the general verdict in favor of State Farm. In support of her "conflict" theory, plaintiff maintained essentially that since the evidence did not prove that she intentionally caused the fire to be set, and because she did not make any misrepresentations as to the value of the house and living expenses (she claims that misrepresentations went only to the value of personal property), any verdict in favor of State Farm on these issues would be without support.[2] The trial court agreed with plaintiff's argument only as to coverage of the premises. Accordingly, it entered judgment on the verdict (in favor of State Farm) as to property contents and loss of use and judgment notwithstanding the verdict (for plaintiff Powell) on the issue of coverage for the building alone. It also ordered a new trial to determine the amount of damages for the building.

■■ On appeal, defendant argues that the trial court improperly granted a judgment notwithstanding the verdict and new trial to plaintiff on the ground that her fraud and false swearing as to her personal property and loss of use did not void her insurance policy's coverage as to her real estate. Defendant maintains that plaintiff

---

[2]This argument assumes that the coverage provided by the policy at issue is divisible and that a fraudulent misrepresentation as to the value of personal property would only affect the coverage of personal property and would not impact on the coverage of the house or living expenses.

never argued that these individual coverages were divisible, and that these arguments were therefore waived by plaintiff's failure to raise them either pretrial or by objection to defendant's proffered jury instructions (which negated such an argument). Defendant also contends that a divisibility theory is not supported by Illinois case law. In response to defendant's waiver argument, plaintiff first contends that defendant never emphasized this issue in its petition for leave to appeal. A review of defendant's petition for leave to appeal reveals a discussion of waiver on page 23. Defendant further elaborates on the waiver issue in its appellate brief. Therefore this issue has been adequately preserved for our consideration.

Plaintiff further argues that defendant has set up a "strawman" by linking her failure to object to jury instructions to waiver of the divisibility theory. In her appellate brief, plaintiff asserts that she did not then (in the trial court) and does not now (on appeal) base her position on an inappropriate instruction, but rather on the applicability of the divisibility theory to her claims for damages. In order to examine the logic of this contention, we must review the jury instructions, the general verdict, the special finding, and the inconsistency determination as well as the logical implications of this determination.

The jury instructions at issue (defendant's instruction No. 12, a modified version of Illinois Pattern Jury Instructions, Civil, No. 21.03 (3d ed. 1992)) are as follows:

"In this case, the defendant asserts certain affirmative defenses:

First, that no coverage is afforded under the policy of insurance because the fire was the result of the actions of someone acting at plaintiff's request;

Second, that no coverage is provided under the policy of insurance because intentional misrepresentations or concealment concerning the cause and origin of the fire were made by the plaintiff during the examination under oath;

Third, that no coverage is afforded under the policy because of intentional misrepresentations or concealment by the plaintiff during the plaintiff's examination under oath concerning the plaintiff's removal of personal property from the premises before the fire;

Fourth, that no coverage is afforded under the policy because the plaintiff intentionally misrepresented the amount and value of the personal property loss in the sworn statement and proof of loss;

Fifth, that the plaintiff intentionally misrepresented during plaintiff's examination under oath the amount and value of the personal property loss actually sustained.

The defendant has the burden of proving its affirmative defenses.

If you find from your consideration of all of the evidence that each of the propositions required of the plaintiff has been proved and that none of the defendant's affirmative defenses has been proved, then your verdict should be for the plaintiff. If on the other hand you find from your consideration of all of the evidence that any of the propositions the plaintiff is required to provide [sic] has not been proved or that any one of defendant's affirmative defenses has been proved, then your verdict should be for the defendant."

■ Based on the evidence adduced at trial and the above instructions (presented without objection), the jury returned a general verdict in favor of defendant. Additionally, the jury answered "no" to the special interrogatory, finding that plaintiff did not intentionally cause the fire to be set. Thereafter, plaintiff filed a post-trial motion alleging that the answer to the special interrogatory conflicted with (and therefore controlled) the general verdict. Although statutory authority does support the proposition that a special interrogatory controls if an inconsistency exists between it and the general verdict (Ill. Rev. Stat, 1989, ch. 110, par. 2—1108), well-settled case law establishes that an "inconsistency" exists only when the special finding is clearly and absolutely irreconcilable with the general verdict. (*Cohen v. Sager* (1971), 2 Ill. App. 3d 1018, 278 N.E.2d 453.) When a special interrogatory does not cover all the issues submitted to the jury, and a "reasonable hypothesis" permits the general verdict to be construed consistently with the answer to the special interrogatory, the general verdict and the special finding cannot be said to be irreconcilably inconsistent, and the special interrogatory will not control. *LaPook v. City of Chicago* (1991), 211 Ill. App. 3d 856, 570 N.E.2d 708.

Implicit in the *Powell* court's finding of inconsistency between the special interrogatory and the general verdict is its determination that plaintiff's misrepresentations as to her personal property damage and loss of use voided those coverages, but did not affect

the coverage as to the house.[3] This finding necessarily rejects the "reasonable hypothesis" that plaintiff's fraudulent misrepresentations as to contents voided the entire scope of coverage offered by the State Farm policy. Yet, this theory of indivisibility of coverages is exactly what was propounded by the unobjected-to jury instructions, which admonished the jurors to find for State Farm if any of the affirmative defenses were established. Thus, the theory (of divisibility) which supports the inconsistency argument and the trial court's partial judgment notwithstanding the verdict appears for the first time in plaintiff's post-trial motion, while its counterpart (the theory of indivisibility) went unobjected to in the jury instructions at trial. For this reason, plaintiff's failure to object to the jury instructions is inextricably tied to her divisibility argument, which has been effectively waived.

■ Accordingly, because the issue of divisibility, which is one of first impression in Illinois, was not adequately raised and developed at trial, we decline to address it on appeal. We therefore reverse the judgment notwithstanding the verdict in favor of plaintiff as to insurance coverage on the building premises and remand this matter to the trial court for entry of judgment for defendant on the entire jury verdict.

Affirmed in part; reversed in part and remanded.

GORDON, P.J., and COUSINS, J., concur.

---

[3]While this theory of divisibility of coverages does find some support in the case law of other States (notably Texas, *Sullivan v. Hartford Fire Insurance Co.* (1896), 89 Tex. 665, 36 S.W. 73, and Pennsylvania, *Fratto v. Northern Insurance Co.* (W.D. Pa. 1965), 242 F. Supp. 262, 272), Illinois case law (except for the dissent in *Fitzgerald v. M F A Mutual Insurance Co.* (1985), 134 Ill. App. 3d 1007, 1011-13, 481 N.E.2d 754, 757 (Kasserman, J., dissenting)) does not specifically address this issue. In fact, the Illinois cases which do touch on the divisibility issue favor a determination that an individual insurance policy's coverages are not divisible. (See *Fitzgerald*, 134 Ill. App. 3d at 1011-13 (Kasserman, J., dissenting) (the majority in *Fitzgerald* does not reach this issue); *Folk v. National Ben Franklin Insurance Co.* (1976), 45 Ill. App. 3d 595, 359 N.E.2d 1056; *Capps v. National Union Fire Insurance Co.* (1925), 318 Ill. 350, 149 N.E. 247.) Thus, the issue of divisibility of individual insurance policy coverages remains one of first impression in Illinois.