THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OCTAVIUS L. JOHNSON, Defendant-Appellant.

Fourth District   No. 4—08—0404

Opinion filed June 25, 2009.

Michael J. Pelletier, Gary R. Peterson, and Molly C. Dickason, all of State Appellate Defender's Office, of Springfield, for appellant.

William A. Yoder, State's Attorney, of Bloomington (Patrick Delfino, Robert J. Biderman, and Perry L. Miller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE TURNER delivered the opinion of the court:

In December 2007, the trial court found defendant, Octavius L. Johnson, guilty on four counts of aggravated driving under the influence (DUI). In February 2008, the court sentenced defendant to 10 years in prison.

On appeal, defendant argues (1) the State failed to prove him guilty of aggravated DUI and (2) two of the counts must be vacated. We affirm.

## I. BACKGROUND

In May 2007, a grand jury indicted defendant on four counts of aggravated DUI. Counts I and III alleged defendant committed the offense of aggravated DUI (625 ILCS 5/11—501(d)(1)(F), (d)(1)(C) (West 2006)) in that he knowingly drove a motor vehicle while under the combined influence of alcohol and drugs and the violation was a proximate cause of a vehicle collision that resulted in the death of DeJuan Lockwood (count I) and resulted in great bodily harm, permanent disability, or disfigurement to Tiana Hubbard (count III). Counts II and IV alleged he committed the offense of aggravated DUI (625 ILCS 5/11—501(d)(1)(F), (d)(1)(C) (West 2006)) in that he drove a vehicle at a time when there was any amount of cannabis present in his urine resulting from the unlawful use of cannabis and that violation was the proximate cause of a vehicle accident that resulted in Lockwood's death (count II) and great bodily harm, permanent disability, or disfigurement to Hubbard (count IV). Defendant pleaded not guilty.

In November 2007, defendant's bench trial commenced. Witnesses testified to a collision between two vehicles that occurred at approximately 2:30 a.m. on March 10, 2007, at the intersection of Empire Street and Veterans Parkway in Bloomington. Ryan Arnold, a 19-year-old college student, testified he was driving his passenger car north on Veterans Parkway. In the middle of the intersection, his car collided

with another vehicle. He stated he had a green light at the intersection. Prior to impact, he saw a "dark object" coming at him. On cross-examination, Arnold testified he had two beers that evening and "two puffs" of marijuana. He stated the alcohol and marijuana did not have any effect on him.

Cortney Shipp testified she was partying at clubs in Bloomington with her cousin Tiana Hubbard and others on March 9, 2007. At some point in the evening, Shipp was driving her vehicle on Empire Street and racing with a car driven by defendant and occupied by Lockwood, Tiana Hubbard, and Ashanti Hubbard. Defendant's car was involved in a collision and caught on fire.

Bloomington police officer Jeff Wernsman testified he spoke with defendant at the hospital. Wernsman stated he could smell an odor of alcohol on defendant's breath. Defendant stated he was traveling eastbound on Empire and had a yellow light as he entered the intersection. Officer Wernsman issued defendant a citation for driving under the influence of alcohol.

Tianna Hubbard testified she was riding in a car with defendant, Ashanti, and Lockwood. On their way to a hotel, Shipp and defendant "decided to race." As they approached Veterans Parkway, Hubbard remembered the "light was either yellow or about to turn red." She stated defendant was speeding and thought he "needed to slow down" because of the yellow light. Hubbard suffered burns on 40% of her body, a broken arm and leg, a spinal cord injury, and other injuries.

Bloomington police detective Robert Kosack testified he interviewed defendant at the hospital. Defendant stated he had gone to a bar and consumed alcohol on the evening of March 9, 2007. He also stated he smoked cannabis earlier in the day. Defendant indicated he was driving approximately 35 to 45 miles per hour and went through the intersection on a yellow light.

Dr. James O'Donnell, a pharmacologist and a nutritionist, testified for the defense and evaluated the levels of alcohol and marijuana and their effects on defendant at the time of the crash. He was not certain how much alcohol defendant consumed. Moreover, he stated defendant's blood-alcohol level at the time of the crash could not be determined with precision. Defendant told him he smoked one marijuana blunt at approximately 10 a.m. on March 9, 2007. However, Dr. O'Donnell stated marijuana has no effect 12 hours after use. He opined no evidence supported a presumption of alcohol intoxication or impairment by marijuana.

Following closing arguments, the trial court found defendant guilty on all four counts. In reaching its judgment, the court found defendant was driving a motor vehicle at the time he was under the combined

influence of alcohol and drugs. The court stated the testimony was not clear what color the traffic light was at the time of the collision. However, the court found the most accurate recollection came from Tianna Hubbard, who testified the light was yellow when defendant approached the intersection and was about to turn red. The court also found defendant had cannabinoid metabolites in his blood at the time of the collision and his blood-alcohol level was 0.099. The court concluded defendant's actions were a proximate cause of Lockwood's death and Hubbard's injuries.

In January 2008, defendant filed a motion for judgment of acquittal or, in the alternative, for a new trial. In February 2008, the trial court denied the motion. Thereafter, the court sentenced defendant to 10 years in prison on count I. Defendant filed a motion to reconsider sentence, which the court denied. This appeal followed.

## II. ANALYSIS

### A. Proximate Cause

Defendant argues his impairment by alcohol and marijuana was not the proximate cause of the accident. We disagree.

"When reviewing a challenge to the sufficiency of the evidence in a criminal case, the relevant inquiry is whether, when viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *People v. Singleton*, 367 Ill. App. 3d 182, 187, 854 N.E.2d 326, 331 (2006). The trier of fact has the responsibility to determine the credibility of witnesses and the weight given to their testimony, to resolve conflicts in the evidence, and to draw reasonable inferences from that evidence. *People v. Jackson*, 232 Ill. 2d 246, 281, 903 N.E.2d 388, 406 (2009). "[A] reviewing court will not reverse a criminal conviction unless the evidence is so unreasonable, improbable[,] or unsatisfactory as to create a reasonable doubt of the defendant's guilt." *People v. Rowell*, 229 Ill. 2d 82, 98, 890 N.E.2d 487, 496-97 (2008).

■ A person commits aggravated DUI when he drives a vehicle under the influence of alcohol or drugs that results in great bodily harm, permanent disability or disfigurement, or death when the DUI violation was a proximate cause of the injuries or death. 625 ILCS 5/11—501(d)(1)(C), (d)(1)(F) (West 2006). "A person commits aggravated DUI when his or her driving under the influence 'was *a* proximate cause of the injuries' (emphasis added) [citation], not the sole and immediate cause of the victim's injuries." *People v. Merritt*, 343 Ill. App. 3d 442, 448, 797 N.E.2d 1103, 1107 (2003).

In the case *sub judice*, defendant concedes the State presented sufficient evidence to show he was under the influence of alcohol and marijuana at the time the car he was driving was involved in the collision. However, defendant contends no reasonable person could conclude his decision to enter the intersection on a yellow light was the proximate cause of the collision when it was Arnold who entered the intersection unlawfully.

Proximate cause includes both cause in fact and legal cause. *People v. Hudson*, 222 Ill. 2d 392, 401, 856 N.E.2d 1078, 1083 (2006). "Cause in fact exists where there is a reasonable certainty that a defendant's acts caused the injury or damage." *Rice v. White*, 374 Ill. App. 3d 870, 888, 874 N.E.2d 132, 148 (2007).

> "Legal cause is established if an injury was foreseeable as the type of harm that a reasonable person would expect to see as a likely result of his or her conduct. [Citation.] Although the foreseeability of an injury will establish legal cause, the extent of the injury or the exact way in which it occurs need not be foreseeable." *Hooper v. County of Cook*, 366 Ill. App. 3d 1, 7, 851 N.E.2d 663, 669 (2006).

In this case, the State presented sufficient evidence from which the trial court could have found beyond a reasonable doubt defendant's alcohol consumption and cannabis use impaired his driving ability and thus his driving while under the influence of alcohol and cannabis was a proximate cause of Lockwood's death and Hubbard's injuries.

The evidence indicated defendant had cannabinoid metabolites in his blood at the time of the collision and his blood-alcohol level taken 45 minutes after the accident was equal to 0.099. Further, defendant was speeding down Empire Street and racing with the vehicle driven by Shipp. The trial court found Hubbard's testimony as to the color of the traffic light to be the most credible. She testified the light was yellow or was about to turn red when defendant proceeded through the intersection. Hubbard believed defendant should have slowed down and stopped.

The trial court was in the best position to determine the credibility of the witnesses and to draw reasonable inferences from the evidence. Considering defendant's impairment, along with his erratic driving in speeding down Empire Street, a reasonable person could foresee injury as a likely result of his conduct. Defendant told Detective Kosack he saw Arnold's vehicle but thought Arnold would stop. Hubbard testified she thought defendant needed to slow down because of the yellow light. Evidence that Arnold may have run a red light does not negate defendant's actions as being a proximate cause of the victims' injuries. While defendant's actions were not the sole and immediate proximate cause of the victims' injuries in this case, the

evidence sufficiently established his actions were a proximate cause and satisfied the elements for a conviction of aggravated DUI.

## B. Lesser-Included Offenses

■ Defendant argues his convictions on counts II and IV involving cannabis are lesser-included offenses of his convictions on counts I and III involving driving under the combined influence of alcohol and drugs and should be vacated. The State contends the trial court found defendant guilty on all four counts but only entered the 10-year sentence on count I. We note the State conceded counts II, III, and IV were lesser-included offenses.

" 'Absent a sentence, a conviction is not a final and appealable judgment.' " *People v. Sandefur*, 378 Ill. App. 3d 133, 142, 882 N.E.2d 1039, 1048 (2007), quoting *People v. Baldwin*, 199 Ill. 2d 1, 5, 764 N.E.2d 1126, 1128 (2002). "While it is axiomatic that there is no final judgment in a criminal case until the imposition of sentence, and, in the absence of a final judgment, an appeal cannot be entertained [citations], it does not follow, however, that the conviction must be vacated." *People v. Flores*, 128 Ill. 2d 66, 95, 538 N.E.2d 481, 492 (1989).

In this case, the trial court entered a 10-year sentence on count I. No sentences were imposed on counts II, III, and IV. Since no final judgment was entered on those counts, no appeal can be taken and the convictions need not be vacated.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed.

MYERSCOUGH and STEIGMANN, JJ., concur.