2020 IL App (2d) 190278-U
No. 2-19-0278
Order filed February 13, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| KURT AND JULIE ANDREWS and PATRICIA NAPIER, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 15-L-911 |
| ADVANCED DISPOSAL SERVICES ZION LANDFILL, INC., | ) ) ) | The Honorable Jorge L. Ortiz, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Hutchinson and Jorgensen concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The trial court committed no reversible error that would warrant vacating the jury's verdict in favor of defendant, mooting its rulings on the damages issues raised in defendant's motion for summary determination.

¶ 2     Plaintiffs, Kurt and Julie Andrews and Patricia Napier, appeal from judgments of the trial court entered in their action for negligence, private nuisance, and trespass against defendant, Advanced disposal Services Zion Landfill, Inc.  For the reasons that follow, we affirm.

¶ 3                              I. BACKGROUND

¶ 4     Plaintiffs are residents of Winthrop Harbor and homeowners near the Zion landfill operated by defendant.  Although the landfill existed when plaintiffs purchased their homes, defendant expanded the landfill in 2011, and again in 2014, increasing its life another eight years and moving it closer to plaintiffs' homes.  Plaintiffs brought an action against defendant, alleging that they are now experiencing noxious odors, large quantities of airborne dust and debris, excessive noise and flocks of vermin.

¶ 5     Plaintiffs' three-count second amended complaint sounds in negligence, private nuisance and trespass.  Specifically, plaintiffs allege that defendant has negligently operated, maintained, and/or controlled the landfill expansions; substantially interfered with plaintiffs' use, enjoyment, and/or occupancy of their properties; and caused a wrongful, unlawful, and unreasonable entry of materials, excessive noise conditions, and/or vermin onto plaintiffs' properties.

¶ 6     Defendant moved for summary determination concerning the damages sought in plaintiffs' counts, and plaintiffs sought to add a prayer for punitive damages to their complaint.  The trial court granted defendant's motion for summary determination and denied plaintiffs' punitive damages motion.  In granting the summary determination motion, the trial court determined that plaintiffs' request for diminution of property value under their nuisance claims was barred by the economic loss doctrine; the court also determined, at defendant's request, that the landfill was a temporary nuisance.  Plaintiffs' motion to reconsider this ruling was denied.

¶ 7     Following a nine-day trial, the jury found in favor of defendant.  Plaintiffs' motion for judgment notwithstanding the verdict or, in the alternative, a new trial was denied, and they timely appealed.

¶ 8                                            II. ANALYSIS

¶ 9    Plaintiffs argue on appeal that the trial court's rulings on defendant's motion for summary determination were erroneous and that certain of the court's rulings during the trial constituted reversible error.  As the summary determination rulings concerned the measure of damages available to plaintiffs, we address first the issues relating to defendant's liability.

¶ 10                                    A. Trial Rulings

¶ 11    Plaintiffs argue that the trial court applied a different standard of admissibility to defendant's and plaintiff's evidence regarding odor from the landfill in plaintiffs' neighborhood. We review a trial court's decision to admit or exclude evidence for an abuse of discretion.  *Swick v. Liautaud*, 169 Ill.2d 504, 521 (1996).  A trial court abuses its discretion only if its ruling is arbitrary, unreasonable, or ignores recognized principles of law, or if no other reasonable person would take the position adopted by the court.  *Benford v. Everett Commons, LLC*, 2014 IL App (1st) 130314, ¶ 29.

¶ 12    According to plaintiffs, the trial court allowed defendant's engineering expert, Suresh Relwani, to testify about the result of odor-testing throughout plaintiffs' neighborhood, while plaintiffs' evidence of odor throughout the neighborhood was unduly restricted.  Plaintiffs specifically contend that the court erred in barring their evidence of other residents' complaints about odor in the neighborhood.

¶ 13    Plaintiffs' engineering expert, Dr. Neil Williams, testified extensively about the impacts of the landfill, including its odors, on the community.  Later, during the trial, when plaintiffs proposed to enter into evidence exhibits showing complaints of odor from places in the neighborhood other than the property owned by plaintiffs, defendant objected as to relevance.  The trial court sustained defendant's objections.  Then, for "purposes of rebutting" Dr. Williams' testimony, the court

allowed defendant's expert, Mr. Relwani, to testify about the results of his odor-testing throughout the neighborhood.

¶ 14    In denying plaintiffs' motion for judgment notwithstanding the verdict or, in the alternative, a new trial, the trial court reiterated that it allowed Dr. Williams to testify concerning the effect the odors had on the community overall and Mr. Relwani "to present his findings on the issue in rebuttal and for fairness."  We find that the court's application of its standard for admissibility was consistent and, therefore, not an abuse of discretion.

¶ 15    Plaintiffs next argue that defendant should not have been permitted to argue to the jury during closing argument that it was "operating lawfully."  Plaintiffs, however, did not object to this statement of defendant's counsel, nor did they object during the trial to the testimony of the landfill manager concerning the landfill's compliance with the siting requirement, regulations, and permits.  Plaintiffs also failed to raise this issue in their post-trial motion.  Accordingly, we need not consider the merits of plaintiffs' argument.  See *Guski v. Raja*, 409 Ill. App. 3d 686, 698 (1911) (failure to object during defendant's closing argument "when the allegedly prejudicial remarks were made" results in forfeiture of the argument); *Limanowski v. Ashland Oil Co., Inc.*, 275 Ill. App. 3d 115, 118 (1995) (failure to raise objection during post-trial proceedings results in forfeiture of the issue on appeal).

¶ 16    Plaintiffs also contend that defendant was improperly permitted to argue during closing argument that plaintiffs "came to the nuisance."  Again, plaintiffs have forfeited this argument for failing to timely object in the trial court.  *Guski*, 409 Ill. App. 3d at 698.  Additionally, plaintiffs assert that the trial court erred in refusing their jury instruction that "coming to the nuisance" is not a defense to a nuisance claim.  They cite *Menolascino v. Superior Felt & Bedding Co.*, 313 Ill. App. 557 (1942), a case involving injuries to the plaintiff's health as the alleged result of a factory's

discharge of waste substances into the air. The *Menolascino* court held that the fact that the business was operating when the plaintiff acquired property adjacent to the factory "is immaterial" and did not "relieve the defendant of liability" if the jury found by a preponderance of the evidence that the defendant was otherwise liable. *Id.* at 574-75. Defendant agrees that "who was there first" is not a dispositive defense but contends, citing *Menolascino*, that it remains a relevant consideration in determining liability. *Cf. Toftoy v. Rosenwinkel*, 2012 IL 113569, ¶ 18 (stating in *dicta* that "[a]t common law, a plaintiff who came to the nuisance would not be barred from pursuing a nuisance action, but the fact that the land was acquired or improved after the nuisance generating activity began would be a factor in determining whether the nuisance was actionable").

¶ 17    The trial court determined that nothing more needed to be added to its nuisance instructions and noted that plaintiffs "coming to the nuisance" instruction "is a non-IPI that is probably going to be more confusing than anything else." Plaintiffs do not direct us, however, to a copy of the proposed instruction in the record. "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). In the absence of a copy of the instruction, we are unable to determine whether the trial court abused its discretion by refusing to give it, and, furthermore, we must presume that it did not. *Id.* at 392. Moreover, if such an instruction exists in the record, it was plaintiffs' responsibility to locate it for this court. See Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018) (argument "shall contain the pages of the record relied on").

¶ 18    Next, plaintiffs argue that the trial court erred in giving defendant's 32 special interrogatories to the jury. The use of special interrogatories is governed by 735 ILCS 5/2-1108 (West 2016), which provided at the time of this case:

"Unless the nature of the case requires otherwise, the jury shall render a general verdict. The jury may be required by the court, and must be required on request of any party, to find specially upon any material question or questions of fact submitted to the jury in writing. Special interrogatories shall be tendered, objected to, ruled upon and submitted to the jury as in the case of instructions. Submitting or refusing to submit a question of fact to the jury may be reviewed on appeal as a ruling on a question of law. When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may enter judgment accordingly. 735 ILCS 5/2-1108 (prior to P.A. 101-184, §5)."

¶ 19    Special interrogatories are designed to be the "guardian of the integrity of a general verdict in a civil jury trial [citation]," and they "test[ ] the general verdict against the jury's determination as to one or more specific issues of ultimate fact." (Internal quotation marks omitted.) *Simmons v. Garces*, 198 Ill.2d 541, 555 (2002). As section 2–1108 explains, an answer to a special interrogatory controls the judgment when it is "inconsistent" with the general verdict. "Special findings are inconsistent with a general verdict only where they are clearly and absolutely irreconcilable with the general verdict." (Internal quotation marks omitted.) *Simmons*, 198 Ill. 2d at 555-56.

¶ 20    "A special interrogatory is proper and must be given upon a party's request if it tests an ultimate fact on which the rights of the parties depend." *Stanphill v. Ortberg*, 2018 IL 122974, ¶ 33; *Hooper v. County of Cook*, 366 Ill. App. 3d 1, 6 (2006). "It need not contain all of the elements of negligence and is proper if it focuses on one element that is dispositive of the claim." *Simmons*, 198 Ill. 2d at 563. "[A] special interrogatory: (1) should consist of a single direct question; (2) should not be prejudicial, repetitive, misleading, confusing or ambiguous; and (3) should use the same language or terms as the tendered instructions." *Smart v. City of Chicago*, 2013 IL App (1st)

120901, ¶ 32. "A special interrogatory is to be read in context with the court's other instructions to determine how it was understood and whether the jury was confused." *Simmons*, 198 Ill. 2d at 563. We review a trial court's ruling regarding a request for a special interrogatory *de novo*. *Smart*, 2013 IL App (1st) 120901, ¶ 32.

¶ 21    Here, as to plaintiffs' negligence count, defendant requested the jury answer as to each of the plaintiffs' households: "Did Defendant act as a reasonably careful landfill would act under the circumstances shown by the evidence throughout the relevant period of time that is the subject of the lawsuit?" (C6933 V2; C6937 V2).

¶ 22    As to the nuisance count, separate special interrogatories asked whether each plaintiff proved "that Defendant was responsible for causing an invasion of their interest in their use and enjoyment of their property" through noise, dust, birds, litter, or odor; "that any such invasion was something that was offensive, physically, to the senses and by such offensiveness made life uncomfortable"; that "any such invasion was substantial"; that "any such invasion was intentional"; that "any such invasion was negligent"; and that "any such invasion was unreasonable."

¶ 23    As to the trespass count, separate sets of special interrogatories asked whether each plaintiff proved that defendant caused birds or litter to invade their land. The jury was further asked, "[i]f you found that [plaintiff] proved that such a thing invaded her land, did that invasion subtract from her interest in her exclusive possession or use of her property"; "did that invasion occur because of intentional acts of the Defendant"; and "did that invasion occur because of negligent acts of Defendant?"

¶ 24    Preliminarily, defendant argues that plaintiffs have forfeited their challenges to the special interrogatories because "they failed to properly object to them at trial and to properly preserve the

issue in their post-trial motion," citing *Thornton v. Garcini*, 237 Ill. 2d 100, 106 (2009) ("[a] defendant must object to an error at trial and include it in a written posttrial motion to preserve an issue on appeal"). We disagree. Plaintiffs clearly made their objections known to the trial court during the instruction conference, as well as in their post-trial motion. Indeed, the trial court's ruling on plaintiffs' post-trial motion arguments opposing the special interrogatories ("conclusory, incomplete and lack support in the law") plainly indicates that the issue was raised in the motion. Accordingly, we determine that plaintiffs did not forfeit this issue. See *id.* at 106-07.

¶ 25    Plaintiffs argue that defendant's special interrogatories were improper because they did not "independently serve to test the general verdict," citing *Northern Trust Co. v. University of Chicago Hospitals and Clinics*, 355 Ill. App. 3d 230, 251 (2004) (a proper special interrogatory "consists of a single, direct question and must, standing on its own, be dispositive of an issue in the case such that it would, independently control the verdict with respect thereto"). In *Northern Trust,* the special interrogatories at issue addressed only one of two alternate theories of alleged negligence and thus would not be dispositive of the issue and independently control the verdict. *Id.* at 252. Plaintiffs do not explain how *Northern Trust* applies here, where defendant's multiple special interrogatories address each of plaintiffs' theories of negligence, private nuisance, and trespass. Nor do plaintiffs reconcile *Northern Trust* with the supreme court's directives that (1) the purpose of a special interrogatory is "to enable the jury to determine one or more specific issues of ultimate fact" (*Simmons*, 198 Ill. 2d at 563) and (2) a special interrogatory "need not contain all of the elements of negligence and is proper if it focuses on one element that is dispositive of the claim." *Id.* at 563.

¶ 26    Plaintiffs also contend that defendant's special interrogatories were misleading, because they used terms not defined elsewhere in the jury instructions, citing *Blakely v. Gilbane Building*

*Corp.* 303 Ill. App. 3d 872, 882 (1999). Defendants assert that plaintiffs have forfeited this argument for failing to present it in the trial court *and* to include it in their post-trial motion. *Thornton v. Garcini*, 237 Ill. 2d 100, 106 (2009). We agree. Forfeiture aside, however, plaintiffs' argument fails because it merely concludes that the special interrogatories were misleading and does not establish that the jury was, in fact, mislead by them. Additionally, we note that all of the terms cited by plaintiffs were used in the general instructions as well as in the special interrogatories. See *Smart v. City of Chicago*, 2013 IL App (1st) 120901, ¶ 32, citing *Simmons*, 198 Ill. 2d at 563 (a special interrogatory "should use the same language or terms as the tendered instructions").

¶ 27    Despite the fact that the answers to the special interrogatories were entirely consistent with the general verdict, plaintiffs argue, without support, that the special interrogatories confused the jury. "A special interrogatory is to be read in context with the court's other instructions to determine how it was understood and whether the jury was confused." *Simmons*, 198 Ill. 2d at 563. Plaintiffs do not undertake such an analysis, nor do they otherwise establish that the jury was actually confused by the special interrogatories. Instead, they contend that the record establishes jury confusion because, during deliberations, the jury submitted three requests to the court: "Can you provide more clarification or context around the definition of negligence and/or reasonable?"; "[w]e are not able to reach a verdict on several counts, please advise"; and "[c]an we get a copy of all complaint log exhibits published to the jury?"

¶ 28    We do not believe these jury requests indicates that the jury was confused by the special interrogatories. The jury's notes do not mention the special interrogatories; it is speculation to conclude that the notes were prompted by them. Moreover, plaintiffs participated in drafting the court's responses, agreed with them, and, notably, did not claim juror confusion at that time. The

jury proceeded the same day to answer all of the special interrogatories in defendant's favor and to reach a general verdict in favor of defendant on all counts of the complaint.

¶ 29    Finally, plaintiffs argue that the trial court's denial of the jury's request to review all of the odor complaint logs was prejudicial error.  The decision to send exhibits to the jury room is within the discretion of the trial court, and we will not reverse that decision absent an abuse of discretion that prejudices a party.  *Gallina v. Watson*, 354 Ill.App.3d 515, 522 (2004).  "An abuse of discretion occurs when no reasonable person would take the view adopted by the trial court." *Tirio v. Dalton*, 2019 IL App (2d) 181019, ¶ 65, appeal pending (Jan Term 2020).

¶ 30    As noted above, the trial court determined that the complaints of neighbors regarding odors from the landfill were irrelevant to determining plaintiffs' action against defendant.  Accordingly, parts of two logs containing neighbors' complaints were redacted to remove complaints by residents other than plaintiffs, as well as references to non-party complaints.  One of those logs was partially published to the jury before defendant objected on the ground that plaintiffs violated the trial court's ruling regarding other citizen complaints.  The third log, which had been briefly published to the jury, was not redacted.

¶ 31    Under these circumstances, the trial court found that the jury could be confused by the redacted logs, a portion of which was partially published, further confused if the court allowed the redacted exhibits to go back but not the unredacted exhibit, and mislead if it allowed the unredacted exhibit, which was "replete with irrelevant complaints," to go back.  As the court articulated in its memorandum opinion denying plaintiffs' post-trial motion:  "Based on lack of relevance, potential confusion, and the potential to mislead the jury, the court withheld all of the complaint logs from the jury room."  We find the court's decision to be a reasonable exercise of its discretion.

¶ 32                                    B. Summary Determination

¶ 33    Plaintiffs also argue that the trial court's rulings on defendant's motion for summary determination were erroneous as a matter of law. Specifically, plaintiffs challenge the court's determinations (1) that the economic loss doctrine bars their request for diminution of property value under their nuisance claims and (2) that the landfill is not a permanent nuisance. According to plaintiffs, the economic loss doctrine does not apply to permanent nuisances; moreover, the trial court's finding that the landfill was "at best" a temporary nuisance as a matter of law improperly deprived the jury of the opportunity "to determine the nature of the nuisance and apply the appropriate measure of damages after hearing all of the evidence."

¶ 34    We note that plaintiffs link the question of temporary versus permanent nuisance only to damages, and not to defendant's liability. The question of the appropriate measure of damages does not arise unless liability is established, and the jury found no liability. Because the trial court did not commit reversible error that would warrant vacating the jury's verdict in favor of defendant, the correctness of the court's summary determinations on damages is moot and will not be addressed on appeal. See *Condon v. American Tel. & Tel. Co.*, 136 Ill. 2d 95, 99 (1990) ("Courts of review will not decide moot or abstract questions, will not review cases merely to establish precedent, and will not render advisory opinions.").

¶ 35                                III. CONCLUSION

¶ 36    For the reasons stated, we affirm the circuit court's judgment orders entered on the jury verdicts in favor of defendant.

¶ 37    Affirmed.